LOWELL JACKSON, Secretary Department of Transportation
Your predecessor asked what role the state traffic patrol may play when a riot or other disturbance occurs in a state correctional institution during a labor dispute between prison employes and the state.
Our attention was directed to secs. 22.165 and 110.07, Stats., which contain the restriction that state patrol officers shall not "be used in or take part in any dispute or controversy between employer or employe concerning wages, hours, labor or working conditions." Section 22.165, Stats., provides:
 STATE TRAFFIC PATROL AND CONSERVATION WARDEN DUTIES DURING CIVIL DISORDER. Without proclaiming a state of emergency, the governor may, in writing filed with the secretary of state, determine that there exists a condition of civil disorder or a threat to the safety of persons on state property or damage or destruction to state property. Upon such filing, he may call out the state traffic patrol or the conservation warden force or members thereof for use in connection with such threat to such life or property. For the duration of such threat, as determined by the governor, such officers shall have the powers of a peace officer as set forth in s. 59.24, except that such officers shall not be used in or take part in any dispute or controversy between employer or employe concerning wages, hours, labor or working conditions.
Another statute which may have a bearing on the question is sec. 53.07, Stats., which provides: *Page 105 
 MAINTENANCE OF ORDER. The warden or superintendent shall maintain order, enforce obedience, suppress riots and prevent escapes. For such purposes he may command the aid of the officers of the institution and of persons outside of the prison; and any person who fails to obey such command shall be punished by imprisonment in the county jail not more than one year or by a fine not exceeding $500.
The Legislature has provided no further definition of the term "dispute or controversy." In secs. 103.62 (3) and 111.02 (8), Stats., the term "labor dispute" relates to differences between employers in the private sector and their employes. In secs.111.70 (1)(i), Stats., the term "labor dispute" relates to disputes between municipalities and their employes. In sec.111.81 (8), Stats., the term "labor dispute" refers to certain disputes between the state and its employes. The question is whether the words "dispute or controversy" are meant to include a strike at state facilities by state employes.
I am of the opinion that the Legislature did not intend to prohibit the use of state traffic officers at state facilities where their presence is required because of a strike by state employes. Strikes by state employes are prohibited by sec.111.89, Stats. While there are causes for every strike, the strike itself is not a bona fide protected dispute and it would be against public policy to provide protection in the form of noninterference with such prohibited activity. I note that there is no such restriction on the National Guard.
Moreover, the state has an unquestionable interest in maintaining peace in its penal institutions; and the statutory provisions above cited should not be construed to prevent the use of its facilities for that purpose. Under the circumstances stated, the restrictions in secs. 110.07 (2m) and 22.165, Stats., to which your predecessor referred, would probably be interpreted to exclude disputes between the state and its employes. See Stateex rel. Dept. of Pub. Instruction v. ILHR, 68 Wis.2d 677, 680,229 N.W.2d 591 (1975).
That does not mean, however, that traffic patrol officers may perform all duties of prison guards, unless authority can be found in other statutory provisions. If the Governor determines that there is a state of civil disorder under sec. 22.165, Stats., traffic patrol officers have the powers of peace officers as defined in sec. 59.24, Stats. This would authorize them to take the steps needed to preserve peace and *Page 106 
suppress activities that threaten it. Similarly, if called under sec. 53.07, Stats., traffic patrol officers may engage only in duties which "maintain order, enforce obedience, suppress riots and prevent escapes."
According to the job descriptions of prison guards issued by the personnel directors under ch. 16, such guards have responsibilities additional to keeping the peace. They are required, for example, to assist in training and rehabilitation, to supervise work of inmates, to receive visitors and guide tours. Those are not usual duties of peace officers. I find no statutory authority for traffic patrol officers to perform such functions. If assigned by the Governor under sec. 22.165, Stats., or drafted by the warden under sec. 53.07, Stats., it is my opinion that traffic patrol officers are not authorized to perform any functions of prison guards except those directly related to preservation of the peace, including prevention of escapes.
BCL:BL